UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMBER BEIRLE,

            Plaintiff,

                                    Case No. 23-cv-1344-pp

    v.

KILOLO KIJAKAZI,

            Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is not married, and she has two children (ages 13 and 15) that she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff indicates that she is entitled to child support of $350 per month for each child, but that she "rarely" receives it. Id. The plaintiff lists no wages or salary and

indicates that her only source of income is $600 per month from her mother. Id. at 2. The plaintiff's monthly expenses are approximately $2,000 ($1,200 rent, $300-$550 other household expenses). Id. at 2-3. The plaintiff does not own her home or any other property of value, she owns a 2001 Dodge Durango worth approximately $1,200, and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I'm unemployed and not married supporting two children on my own, so I've had to rely on my mother to give us some money now that my savings is completely gone." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits, that the Commissioner's decision finding her not disabled is not in accordance with the purpose and intent of the Social Security Act and that the Administrative Law Judge's decision is not supported by substantial evidence and is contrary to

law. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 11th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**